**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re:  CAPITAL OPTIONS, LLC, | No.    16-60053 |
| Debtor, | BAP No. 15-1166 |
| _____ | |
| CAPITAL OPTIONS, LLC, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| C. DENNIS LOOMIS; et al., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Jury, and Jaime, Bankruptcy Judges, Presiding

Argued and Submitted October 17, 2017
San Francisco, California

Before:  WALLACE, CALLAHAN, and NGUYEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

This is an appeal by Capital Options, LLC (Capital) from the Bankruptcy Court's order denying confirmation of a Chapter 11 plan of reorganization that was to be funded by the proceeds of Capital's adversary proceedings against George H. Goldsmith and G2, LLC. The Bankruptcy Court, having dismissed Capital's adversary proceeding with prejudice, found the reorganization plan to be infeasible under 11 U.S.C. § 1129(a), and also dismissed the administrative proceeding.

The denial of confirmation of a Chapter 11 reorganization plan is reviewed for abuse of discretion. *See In re Marshall*, 721 F.3d 1032, 1045 (9th Cir. 2013). In a contemporaneously filed memorandum disposition in *In re Capital Options, LLC*, No. 15-60054, we affirm the Bankruptcy Court's dismissal of the Capital's adversary proceeding. As this confirms the Bankruptcy Court's determination that the reorganization plan was infeasible, the Bankruptcy Court's denial of the confirmation plan is AFFIRMED.

*Capital Options, LLC v. Loomis*, 16-60053

WALLACE, J., dissenting.

While I agree with the majority on the merits, I would instead dismiss this appeal for lack of jurisdiction. This appeal is from the denial of plan confirmation without prejudice. The Supreme Court held in *Bullard v. Blue Hills Bank* that the denial of plan confirmation with leave to amend is categorically not a final order. 135 S.Ct. 1686, 1692 (2015). While *Bullard* involved a Chapter 13 case, the Court's reasoning applies with equal force to Chapter 11 cases, such as ours. *See id.* at 1693 ("These concerns [relating to piecemeal appeals] are heightened if the same rule applies in Chapter 11, as the parties assume"). Although not binding on us, the Bankruptcy Appellate Panel reached this same conclusion, citing *Bullard*, and held it had jurisdiction only by granting leave to review an interlocutory appeal. Unlike the Bankruptcy Appellate Panel, we cannot review interlocutory appeals, except in circumstances not applicable here. *See In re Gugliuzza*, 852 F.3d 884, 890–91 (9th Cir. 2017), citing 28 U.S.C. § 158(d)(1). Therefore, we have no jurisdiction to hear this appeal.